IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY MARQUET CAMPBELL,

    Plaintiff,                   No. CIV S-04-2050 DFL GGH P

    vs.

J. WOODFORD,[1]

    Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 24, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        As plaintiff has been informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] The court has corrected plaintiff's misidentification of the Director of the California Department of Corrections as "G. Woodford."

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
12  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
13  a complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  Plaintiff alleges that he was assessed a 90-day loss of credit pursuant to a serious
18  Rules Violation Report (RVR).  He states that he was provided his copy of the RVR on January
19  10, 2005, which apparently was later than 24 hours after the RVR was classified as serious,
20  allegedly in violation of the California Code of Regulations.  Plaintiff does not set forth the relief
21  he seeks, although in his original complaint he sought money damages.

22  In the court's prior order, plaintiff was informed that:

23  State regulations give rise to a liberty interest protected by the Due
    Process Clause of the federal constitution only if those regulations
24  pertain to "freedom from restraint" that "imposes atypical and
    significant hardship on the inmate in relation to the ordinary
25  incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115
    S. Ct. 2293, 2300 (1995). Plaintiff has failed to set forth how he
26  was impacted by receiving his copy of the serious RVR allegedly

2

> untimely nor the result of any related prison disciplinary hearing. Plaintiff is entitled to advance written notice of the rules violation and no less than 24 hours to prepare for any disciplinary hearing (as well as a "written statement by the factfinders as to evidence relied on and reasons for the disciplinary action"). Wolff v. McDonnell, 418 U.S. 539, 564, 94 S. Ct. 2963, 2979 (1974). Plaintiff does not allege that he was not allowed sufficient notice prior to any hearing, but rather that he was not given the RVR within 24 hours of its having been found "serious." No claim of a violation of procedural due process has been framed.

See Order, filed on March 24, 2005, pp. 3-4.

Although plaintiff has now clarified that he suffered a 90-day credit loss as a result of the prison disciplinary hearing related to the RVR at issue, plaintiff has not cured the defects of the original complaint in this amended pleading. In addition, to the extent that plaintiff intended to request relief in the form of money damages and assuming he had framed a colorable due process claim, plaintiff's claim, since he has now clarified that he was assessed a 90-day credit loss, is Heck-barred, as, again, he was informed by the earlier order. See, Order filed on March 24, 2005, at pp. 4-5.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance

>of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>. Although plaintiff claims to have filed a habeas petition with respect to the insufficiently identified RVR at issue in his amended complaint, he does not aver that the prison disciplinary finding was reversed or expunged and that his credit loss was restored; in fact, plaintiff implies that the habeas petition is still pending.

Plaintiff's amended complaint completely fails to cure the defects of his original complaint. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" <u>Noll</u>, 809 F.2d 1446, 1448 (quoting <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord <u>Eldridge v. Block</u>, 832 F.2d 1132, 1135-36 (9th Cir.1987). <u>Karim-Panahi v. Los Angeles Police Dept</u>., 839 F.2d 621, 623 (9th Cir. 1988).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, <u>Smith v. Pacific Properties and Development Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004), citing <u>Doe v. United States</u>, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

4

1  could not be cured by the allegation of other facts.")  The court will recommend dismissal of this
2  action for plaintiff's failure to state a claim upon which relief can be granted.
3        Accordingly, IT IS RECOMMENDED that this action be dismissed for failure to
4  state a claim.
5        These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, plaintiff may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
10 failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: 8/24/05

13       /s/ Gregory G. Hollows
14       UNITED STATES MAGISTRATE JUDGE
15 GGH:009
   camp2050.dis